******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

PABLO ORTIZ, JR. *v.* LESLIE
TORRES-RODRIGUEZ
(AC 44118)

Elgo, Suarez and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant, the acting
superintendent of schools for the Hartford public school system, in
connection with the termination of his at-will employment as a high
school football coach for alleged misconduct. When the termination
of the plaintiff's employment became public, the defendant issued a
statement in response to inquiries from the news media. The plaintiff
thereafter brought this action, alleging recklessness, intentional inflic-
tion of emotional distress and libel. The trial court granted the defen-
dant's motion for summary judgment and rendered judgment for the
defendant. On appeal to this court, the plaintiff claimed that the trial
court improperly granted the motion as to all three counts of his com-
plaint. *Held* that the trial court properly granted the defendant's motion
for summary judgment, and, as that court properly resolved the issues,
this court adopted the trial court's thorough and well reasoned memoran-
dum of decision as a proper statement of the relevant facts, issues and
applicable law on those issues.

Argued April 8—officially released June 1, 2021

*Procedural History*

Action to recover damages for, inter alia, the defen-
dant's alleged reckless conduct, and for other relief,
brought to the Superior Court in the judicial district
of Hartford, where the court, *Noble, J.*, granted the
defendant's motion for summary judgment and ren-
dered judgment thereon, from which the plaintiff
appealed to this court. *Affirmed.*

*Pablo Ortiz, Jr.*, self-represented, the appellant
(plaintiff).

*Channez M. Rogers*, with whom, on the brief, was
*David S. Monastersky*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Pablo Ortiz, Jr., appeals from the summary judgment rendered by the trial court in favor of the defendant, Leslie Torres-Rodriguez. On appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment on all three counts of his operative complaint. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiff; see *Martinelli* v. *Fusi*, 290 Conn. 347, 350, 963 A.2d 640 (2009); reveals the following facts. At all relevant times, the defendant was the acting superintendent of schools for the Hartford Board of Education. In 2010, the plaintiff was hired as an at-will employee to coach the varsity football program at Bulkeley High School in Hartford.

In January, 2017, the defendant received a complaint that the plaintiff had engaged in misconduct toward former and current players, assistant coaches, and parents. Soon thereafter, the plaintiff's employment was terminated. When that termination became public, the defendant issued a statement in response to news media inquiries,[1] in which she stated: "The first priority of the Hartford [p]ublic [s]chools is to ensure student safety. As [a]cting [s]uperintendent of [s]chools, I will not allow any unacceptable staff behavior during my tenure. In the unfortunate event that, despite our best efforts to the contrary, individuals engage in inappropriate interactions with students, with their families, with staff or with any of the visitors who come to our schools and events, such individuals will be dealt with swiftly in accordance with the policies established by the Hartford Board of Education."

The plaintiff commenced the present action seven months later. His operative complaint contained three counts sounding in recklessness, intentional infliction of emotional distress, and libel. In response, the defendant filed an answer and seven special defenses. On December 3, 2018, the defendant filed a motion for summary judgment that was accompanied by three sworn affidavits.[2] The plaintiff filed an opposition to that motion, and the court heard argument from the parties on February 3, 2020. On May 14, 2020, the court issued a memorandum of decision rendering summary judgment in favor of the defendant on all counts. From that judgment, the plaintiff now appeals.

Our plenary review of the pleadings, affidavits, and other proof submitted, as well as the briefs and arguments of the parties, persuades us that the judgment should be affirmed. The issues properly were resolved in the trial court's thorough and well reasoned memorandum of decision. See *Ortiz* v. *Torres-Rodriguez*, Superior Court, judicial district of Hartford, Docket No. CV-17-6081625-S (May 14, 2020) (reprinted at 205 Conn.

App.    ,    A.3d    ). We therefore adopt that memorandum of decision as a proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 79, 81, 153 A.3d 687 (2017).

The judgment is affirmed.

[1] The record indicates that multiple news organizations contacted the defendant's office and requested disclosure of materials regarding the termination of the plaintiff's employment pursuant to the Freedom of Information Act, General Statutes § 1-200 et seq.

[2] Those affidavits were from Natasha Banks, the executive director of human resources for the Hartford public schools who made the decision to terminate the plaintiff's employment; Milly Ramos, the labor relations specialist for the Hartford public schools who conducted a preliminary investigation of the complaint against the plaintiff; and the defendant.