******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DAVID SQUILLANTE ET AL. *v.* CAPITAL
REGION DEVELOPMENT AUTHORITY
(AC 43291)

Bright, C. J., and Elgo and Sheldon, Js.

*Syllabus*

The plaintiffs, S and D Co., sought to recover damages for, inter alia, the
defendant's alleged breach of contract related to its offer to provide
funding for the renovation of real property owned by D Co. The trial court
granted the defendant's motions for summary judgment and rendered
judgment in favor of the defendant, from which the plaintiffs appealed
to this court. *Held* that the judgment of the trial court was affirmed;
the trial court, having fully addressed the claims and arguments raised
in this appeal, this court adopted the trial court's thorough and well
reasoned memoranda of decision as proper statements of the relevant
facts, issues and applicable law on those issues.

Argued September 23—officially released November 9, 2021

*Procedural History*

Action to recover damages for, inter alia, breach of
contract, and for other relief, brought to the Superior
Court in the judicial district of Hartford, where the
court, *Noble, J.*, granted the defendant's motion for
summary judgment; thereafter, the court granted the
plaintiffs' motion to reargue and vacated in part the
summary judgment entered in favor of the defendant;
subsequently, the court granted the defendant's motion
for summary judgment and rendered judgment for the
defendant, from which the plaintiffs appealed to this
court. *Affirmed.*

*Steven J. Zakrzewski*, with whom, on the brief, was
*Matthew S. Carlone*, for the appellants (plaintiffs).

*Linda L. Morkan*, with whom was *Benjamin C. Jensen*, for the appellee (defendant).

*Opinion*

SHELDON, J. The plaintiffs, David Squillante and DJS45, LLC,[1] appeal from the judgment rendered by the trial court in favor of the defendant, Capital Region Development Authority, following the granting of the defendant's two motions for summary judgment challenging the plaintiffs' right to prevail on all three counts of their operative complaint. On appeal, the plaintiffs claim that the court erred in granting the defendant's motions for summary judgment. We affirm the judgment of the trial court.

The record, viewed in the light most favorable to the plaintiffs for purposes of reviewing the trial court's summary judgment rulings; see *Cefaratti* v. *Aranow*, 321 Conn. 637, 641, 138 A.3d 837 (2016); reveals the following facts. Squillante is the sole member of DJS45, LLC, a limited liability company. The defendant is a quasi-municipal corporation created by statute.[2] In 2011, DJS45, LLC, purchased a five-story commercial building located at 283-291 Asylum Street in Hartford. Squillante then renovated the ground floor of the building and eventually opened a restaurant on the premises. Beginning in early 2013, Squillante engaged in conversations with representatives of the defendant concerning the possibility of procuring financing for the renovation of residential apartment units on the upper floors of the building. These conversations eventually resulted in a letter from the defendant to Squillante dated May 10, 2013, setting out what is described as a "preliminary outline of general business terms of the potential project," which was "expressly subject to the completion of [a] due diligence investigation [by the defendant] including the provisions of necessary documents as outlined [in the letter] and the securing of complete financing for the [p]roject."

Over the next several months, representatives of the defendant and the plaintiffs worked together to finalize the deal. In December, 2013, the defendant's legal counsel sent the plaintiffs a "closing checklist" identifying all outstanding items that required resolution in order to finalize the deal. The following month, however, in an e-mail dated January 7, 2014, a representative of the defendant wrote to Squillante, stating: "[W]e have a variety of issues outstanding. I have attached the closing [checklist] for the project that was sent to your attorney in early December and little has been done to advance the items on the list. . . . [W]e need to hasten the consummation of this deal. The funds are now very 'old' . . . . If we do not bring this to conclusion in the next [forty-five to sixty] days, I will have little choice but to [reallocate] the funds."

In an e-mail dated May 14, 2014, and again in a letter dated July 30, 2014, a representative of the defendant notified Squillante that its offer to provide funding for

renovation of the building at 283-291 Asylum Street had expired due to the failure to timely resolve the outstanding requirements but that the plaintiffs could reapply for project funding at a future date.

The plaintiffs commenced the present action on July 26, 2016, by serving the defendant with a three count complaint alleging breach of contract, promissory estoppel, and negligent misrepresentation. On October 23, 2017, the defendant filed its first motion for summary judgment, in which it asserted that it was entitled to judgment as a matter of law on the plaintiffs' claim of breach of contract because the May 10, 2013 letter was merely an agreement to agree, not a legally enforceable contract. The defendant also asserted that it was entitled to judgment as a matter of law on the plaintiffs' claim of promissory estoppel because it had never made a clear and definite promise to the plaintiffs that it would provide funding for the proposed project. Finally, the defendant alleged that the plaintiffs' negligent misrepresentation claim was time barred because it was brought outside of the limitation period proscribed for such claims in General Statutes § 52-584.

On November 14, 2017, prior to filing an objection to the defendant's motion, the plaintiffs amended their complaint, resulting in what became the operative complaint, in order to clarify the allegations of their claims in light of the defendant's motion for summary judgment and to include additional facts they had learned through discovery. On January 2, 2018, the plaintiffs objected to the motion for summary judgment on the grounds that (1) material questions of fact existed as to their breach of contract claim, (2) the May 10, 2013 letter specified that a precondition to finalizing the parties' agreement was the provision of either a personal guarantee " 'or' " a payment and performance bond, (3) their negligent misrepresentation claim was not time barred by § 52-584 because that statute does not apply to claims of negligence not resulting in personal injury, and (4) there was evidence that the defendant had made a misrepresentation concerning what was required to finalize the parties' agreement by stating that the plaintiffs needed to provide either a guarantee " 'or' " a payment and performance bond. (Emphasis omitted.)

On July 18, 2018, the trial court, *Noble, J.*, granted the defendant's motion for summary judgment as to all three counts of the complaint. As for the plaintiffs' breach of contract claim, the court concluded that there was no genuine issue of material fact that the May 10, 2013 letter, on which the plaintiffs relied, in part, to demonstrate the existence of a contractual duty, was not a legally enforceable contract. As for the plaintiffs' claim of promissory estoppel, the court concluded that there was no genuine issue of material fact that the defendant had not made a clear and definite promise to loan the plaintiffs funding for the proposed project.

The court initially granted the motion for summary judgment in favor of the defendant as to the negligent misrepresentation claim in count three, but it did so under the general tort statute of limitations, General Statutes § 52-577, not the separate statute applicable to negligence actions resulting in personal injury, § 52-584, which the defendant had invoked. Thereafter, by order dated August 21, 2018, the court vacated the entry of summary judgment on count three because the defendant had not pleaded that the claim was barred under § 52-577, the statute of limitations that was applicable to the plaintiffs' claim. Subsequently, the defendant sought leave to amend its answer to include the special defense that the action was time barred under § 52-577.

On October 11, 2018, the defendant filed its second motion for summary judgment, which was directed only to count three and was accompanied by two affidavits. The defendant asserted in that second motion that the plaintiffs' claim of negligent misrepresentation was time barred by § 52-577, that the continuing course of conduct doctrine did not apply to that claim, and that the plaintiffs could not establish the elements for a claim of negligent misrepresentation. On November 23, 2018, the plaintiffs filed an objection to the motion, with an affidavit by Squillante attached, asserting that the defendant knew or should have known that it had made false statements pertaining to the bonding requirement and that there were genuine issues of material fact as to whether the continuing course of conduct doctrine applied and, thus, tolled the statute of limitations. On March 15, 2019, the trial court issued a memorandum of decision granting the defendant's second motion for summary judgment on the plaintiffs' claim of negligent misrepresentation. The court concluded that the plaintiffs had failed to establish a genuine issue of material fact with respect to the applicability of the continuing course of conduct doctrine and that the action was time barred under § 52-577.

The plaintiffs appeal from the judgment of the trial court rendered in favor of the defendant, following its granting of summary judgment on all three of the plaintiffs' claims. Specifically, they argue that the court abused its discretion by granting the motions for summary judgment because there are multiple disputes of material fact as to each of the claims.

"Appellate review of the trial court's decision to grant summary judgment is plenary." (Internal quotation marks omitted.) *Chelsea Groton Bank* v. *Belltown Sports, LLC*, 199 Conn. App. 294, 299, 236 A.3d 265, cert. denied, 335 Conn. 960, 239 A.3d 318 (2020). After a careful review of the record, as well as the parties' briefs and relevant law, we are convinced that the plaintiffs' claims on appeal lack merit and, accordingly, that the trial court acted properly when it granted the defendant's two motions for summary judgment disposing

of all three counts of the operative complaint. In granting the defendant's two motions for summary judgment, the trial court issued two thorough and well reasoned memoranda of decisions, both of which are proper statements of the facts, issues, and applicable law. See *Squillante* v. *Capital Region Development Authority*, Superior Court, judicial district of Hartford, Docket No. CV-16-6070594-S (July 18, 2018) (reprinted at ___ Conn. App. ___, ___ A.3d ___), vacated in part by court order, August 21, 2018; *Squillante* v. *Capital Region Development Authority*, Superior Court, judicial district of Hartford, Docket No. CV-16-6070594-S (March 15, 2019) (reprinted at ___ Conn. App. ___, ___ A.3d ___). We therefore adopt those memoranda of decision as proper statements of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Ortiz* v. *Torres-Rodriguez*, 205 Conn. App. 129, 132, 255 A.3d 941, cert. denied, 337 Conn. 910, 253 A.3d 43 (2021).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In this opinion, we refer to Squillante and DJS45, LLC, individually by name where necessary and collectively as the plaintiffs.

[2] General Statutes § 32-602 (a) provides in relevant part: "The purpose of the Capital Region Development Authority shall be (1) to stimulate new investment within the capital region and provide support for multicultural destinations and the creation of a vibrant multidimensional downtown . . . ."